UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal Action No. 18-10374-LTS |
| WILLIAM GATES | ) ) ) | |

ORDER ON MOTION FOR COMPASSIONATE RELEASE (DOC. NO. 84)

May 27, 2020

SOROKIN, J.

William Gates pled guilty to possession of child pornography. On December 11, 2019, after a hearing including lengthy submissions, the Court sentenced Mr. Gates to a term of imprisonment of 30 months, mandatory special assessments in the amount of $5,100, and restitution in the amount of $107,136.00, all followed by 5 years of supervised release. Doc. Nos. 76, 78.[1] The Court imposed the term of imprisonment of 30 months after carefully considering the guideline sentencing range of 78-97 months, the recommendation of the United States of 78 months' incarceration and Mr. Gates's request for a sentence of Probation. Doc. Nos. 74, 71. Without objection from the Government, the Court permitted Mr. Gates to self-surrender to federal prison on January 31, 2020. Doc. No. 78. Mr. Gates self-surrendered on that date to FCI-Danbury.

Mr. Gates's health was not a central focus of the sentencing proceeding. Coronavirus was not a concern discussed at any point at the sentencing on December 11, 2019. Similarly, none of these issues arose prior to his self-surrender date. Two months after Mr. Gates self-surrendered to the Bureau of Prisons, with the coronavirus by that point well-known and widespread, Mr. Gates

---

[1] Citations to "Doc. No. __" reference documents appearing on the court's electronic docketing system; pincites are to the page numbers in the ECF header.

requested compassionate release from his Warden, the Warden of FCI-Danbury. Subsequently, and more than 30 days later, Mr. Gates filed this motion requesting that the Court grant his request and permit his release subject to home confinement for the remainder of his term of imprisonment because of the risks posed to him by the coronavirus. Doc. No. 84. The parties have fully briefed the matter including making several supplemental submissions at the direction of the Court. See Doc. Nos. 86, 87, 91, 92, 93.

In light of the request made by Mr. Gates, exhaustion is not an impediment to relief in this case. 18 U.S.C. § 3582(c)(1)(A) (court may permit reduction in sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). The Court may allow compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i) (court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) . . . if it finds that—(i) extraordinary and compelling reasons [not foreseen at the time of sentencing] warrant such a reduction").

Although Mr. Gates does not appear on the list of "medically vulnerable" inmates at FCI-Danbury submitted to the US District Court in Connecticut, Doc. No. 93, neither is he someone bearing the most minimal of risks. He is 43 years old. He describes suffering from a persistent cough since his time serving in the United States military overseas. Doc. No. 84. He has submitted documentation showing an electrocardiogram reading by his primary care physician as indicating a "pulmonary disease pattern" identified as a Left Ventricular Hypertrophy. Doc. No. 91 at 1-2. Shortly thereafter a cardiologist diagnosed Mr. Gates with a "Mild obstructive ventilatory defect"

after a pulmonary function test.  Id. at 2.  Counsel explains this means that Mr. Gates exhales air from his lungs more slowly than normal leaving an abnormally high amount of air in his lungs after full exhalation, with the result that he chronically suffers from a shortness of breath.  Id. Since December 2015, Mr. Gates has received Albuterol prescriptions.  Id. at 3.  Mr. Gates raises the added concern that FCI-Danbury has had an outbreak of coronavirus.  Doc. No. 84-1. Presently, Mr. Gates remains free of coronavirus symptoms.

    Upon consideration of the foregoing as well as the further information within the submissions of the parties in light of the current and potential prospective impact of the pandemic together with an individualized assessment of relevant factors pertaining to Mr. Gates, the Court concludes Mr. Gates has not met his burden to secure compassionate release.  In so ruling, the Court does not minimize the general risk posed by the virus or the more specific risk faced by Mr. Gates.  The Court notes that the Bureau of Prisons bears responsibility to provide adequate medical care to inmates, including Mr. Gates, in light of their medical conditions and to provide humane conditions of incarceration.  The specific medical treatment required or appropriate for Mr. Gates and the response of the Bureau of Prisons more generally at FCI-Danbury are not matters over which this Court has jurisdiction in this request for compassionate release, though the general response to the pandemic is a matter pending before the United States District Court for the District of Connecticut.

    For these reasons, the Court DENIES Mr. Gates's motion for compassion release (Doc. No. 84).

                                                    SO ORDERED.

                                                /s/ Leo T. Sorokin
                                              United States District Judge